Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MIGUELINA MIRANDA DE SANTOS

        *Plaintiff*,

    -against-

EXCELENTE GIL CAFETERIA & RESTAURANT CORP., JOSE GIL a/k/a Jose A. Gil and ARACELIS ALMANZAR.

        *Defendants*.

Civil Action No.: 22-cv-3458

**COMPLAINT**

**ECF Case**

**JURY DEMANDED**

MIGUELINA MIRANDA DE SANTOS ("Plaintiff"), by and through her attorney, Colin Mulholland, Esq., as against EXCELENTE GIL CAFETERIA & RESTAURANT CORP., JOSE GIL a/k/a Jose A. Gil and ARACELIS ALMANZAR (collectively, "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff is a former employee of Defendants EXCELENTE GIL CAFETERIA & RESTAURANT CORP., JOSE A. GIL and ARACELIS ALMANZAR.

2. Defendants own, operate, and/or control a restaurant called 'EXCELENTE GIL CAFETERIA & RESTAURANT' that operates at 1206 Stratford Avenue, Bronx, NY 10472.

3. Defendants operate as a restaurant during the day and operate as a bar/nightclub complete with DJ's during the nighttime.

4. Defendants failed to pay Plaintiff in a lawful manner and, moreover, subjected Plaintiff to a hostile work environment and severe and pervasive sexual harassment.

1

5. Defendants JOSE GIL routinely subjected Plaintiff to outrageous sexual harassment including but not limited to direct solicitations for sex and unsolicited exposure of male genitalia directed at Plaintiff.

6. Plaintiff now brings this action for unpaid minimum wages and overtime wages, inter alia, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs and related claims for discrimination and sexual harassment.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

9. Plaintiff has filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ('EEOC'), an administrative pre-requisite to filing an action under Title VII of the Civil Rights Act and will amend this action to include claims under Title VII upon completion of the EEOC's investigation.

10. Pursuant to NYCHRL Section 8-502, Plaintiff will serve a copy of this Complaint on the New York City Commission of Human Rights and the New York City Law Department

Office of Corporation Counsel within ten days of its filing, thereby satisfying the notice requirements of this action.

## THE PARTIES

11. Plaintiff MIGUELINA MIRANDA DE SANTOS ("Plaintiff MIGUELINA MIRANDA DE SANTOS" or "Ms. MIGUELINA MIRANDA DE SANTOS") is an adult individual residing in Bronx County, NY.

12. Defendant EXCELENTE GIL CAFETERIA & RESTAURANT CORP. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 1206 Stratford Avenue, Bronx, NY.

13. Defendant JOSE GIL is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant JOSE GIL is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporations.

14. Defendant JOSE GIL possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

15. Defendant JOSE GIL had the power to hire and fire Plaintiff.

16. Defendant JOSE GIL hired and fired Plaintiff.

17. Defendant JOSE GIL issued orders and job assignments to Plaintiff.

18. Defendant JOSE GIL issued pay to Plaintiff.

19. Defendant JOSE GIL determined the wages and compensation of the Plaintiff.

20. Defendant JOSE GIL controlled Plaintiff's pay rates and schedules.

21. Defendant ARACELIS ALMANZAR is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant ARACELIS ALMANZAR is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporation.

22. Defendant ARACELIS ALMANZAR possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

23. Defendant ARACELIS ALMANZAR was a manager for the Defendant and controlled the hours that Plaintiff worked and her rate of pay.

24. Defendant ARACELIS ALMANZAR received and fielded Plaintiff's complaints about her pay.

25. Defendant ARACELIS ALMANZAR directed and supervised Plaintiff in her work activities on a regular basis.

26. Defendant ARACELIS ALMANZAR had the power to hire and fire, and the power to discipline Plaintiff and other employees, and did so.

*Defendants Constitute Joint Employers*

27. Individual defendant JOSE GIL possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

28. Individual defendant JOSE GIL possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations.

29. Individual defendant ARACELIS ALMANZAR possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

30. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31. Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff.

32. Defendants jointly employed Plaintiff within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

33. In the alternative, Defendants constitute a single employer of Plaintiff.

34. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for their services.

35. In each year from January 2019 to June 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36. Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used during the Plaintiff's employ, such as cleaning supplies, detergents, mops, food, beer, rice, spices, bleach and other supplies were produced outside the State of New York.

37. Plaintiff was individually engaged in interstate commerce.

38. Defendants had more than 11 employees at all relevant times.

*Plaintiff MIGUELINA MIRANDA DE SANTOS*

39. Plaintiff MIGUELINA MIRANDA DE SANTOS worked for the Defendants from approximately January 2019 until approximately September 13, 2021.

40. From January 2019 to September 2021, Plaintiff MIGUELINA MIRANDA DE SANTOS worked the following typical to six (6) to seven (7) day schedule as a cook and general laborer:

   a. Monday: 7:00 A.M. until between 3:30 P.M. and 5:00 P.M.

   b. Tuesday: 7:00 A.M. until between 3:30 P.M. and 5:00 P.M.

   c. Wednesday: 7:00 A.M. until between 3:30 P.M. and 5:00 P.M., this was sometimes her day off.

   d. Thursday: 7:00 A.M. until between 3:30 P.M. and 5:00 P.M.

   e. Friday: 7:00 A.M. until between 3:30 P.M. and 5:00 P.M.

   f. Saturday: 7:00 A.M. until between 3:30 P.M. and 5:00 P.M.

   g. Sunday: 7:00 A.M. until between 3:30 P.M. and 5:00 P.M.

41. Plaintiff was paid a weekly salary of $400.00 with no premium for her overtime hours.

42. Defendants did not pay for Plaintiff's sick days or vacation days.

43. Defendants never provided Plaintiff MIRANDA with each payment of wages a proper statement of wages, as required by NYLL 195(3).

44. Defendants never provided Plaintiff MIRANDA, any notice in English and in Spanish (Plaintiff's primary language), of her rate of pay, employer's regular pay day, and such

other information as required by NYLL §195(1).

46. Plaintiff MIGUELINA MIRANDA DE SANTOS regularly handled goods in interstate commerce, such as tools, food, beverages, cleaning solvents and other supplies produced outside the state of New York.

*Discriminatory and Retaliatory Conduct of Defendants JOSE GIL*

46. Plaintiff regularly complained of excessive hours and failure to pay proper wages.

47. Defendant JOSE GIL abused his position of authority to make unwelcome and distressing sexual advances during working hours.

48. Defendant JOSE GIL twice touched Plaintiff on her butt when she was bending over to put items in a cooler.

49. Defendant JOSE GIL attempted to kiss Plaintiff on the lips on at least three occasions.

50. Defendant JOSE GIL routinely invited Plaintiff out for trysts that were consistently declined.

51. Defendant JOSE GIL twice exposed his penis to Plaintiff.

52. The first occasion was after about a year of being employed, Defendant GIL cornered Plaintiff in the basement. Defendant GIL caught Plaintiff while she was bent over putting items away in a cooler when he touched her butt. Plaintiff stood up to see who was behind her. Defendant GIL exposed himself and grabbed Plaintiff's hand saying "Come on, help me" then leaning in to kiss her. Plaintiff pulled away reminding Plaintiff GIL that his wife, Defendant ARACELIS ALMANZAR was nearby and it was inappropriate before walking away.

53. The second occasion was largely the same when Defendant GIL ambushed Plaintiff while she was putting away items into a basement in the cooler. He again exposed himself and suggested she should pleasure him. Again, Plaintiff walked away.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

54. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

55. Defendants are employers within the meaning of the Fair Labor Standards Act.

56. Plaintiff are employees within the meaning of the Fair Labor Standards Act.

57. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

58. Plaintiff was individually engaged in commerce through handling of interstate goods and interactions with out of state businesses.

59. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

60. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the lawful regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

61. Defendants were aware or should have been aware that their pay practices were unlawful and have not made a good faith effort to comply with the FLSA.

62. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

63. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

64. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

65. At all times relevant to this action, Defendants were each Plaintif's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

66. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of their employment and had the power to determine the rate and method of any compensation in exchange for their employment.

67. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

68. Plaintiff was individually engaged in commerce.

69. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

70. Defendants failed to pay Plaintiff at the lawful minimum hourly rate, in violation of 29 U.S.C. § 206(a).

71. Defendants were aware or should have been aware that their pay practices were unlawful and have not made a good faith effort to comply with the FLSA.

72. Defendants' failure to pay Plaintiff at the lawful minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

73. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW**

74. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

75. Defendants are employers within the meaning of the New York Labor Laws and supporting New York State Department of Labor Regulations and employed the Plaintiff.

76. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the lawful regular rate of pay for each hour worked in excess of forty hours in a workweek.

77. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

78. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

79. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

80. At all times relevant to this action, Defendants were Plaintiff employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

81. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

82. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff less than the minimum wage.

83. Defendants' failure to pay Plaintiff the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

84. Plaintiff was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

85. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

86. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

87. Defendants are liable to Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

88. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

89. With each payment of wages, Defendants failed to provide Plaintiff with a proper and complete wage statement as required by NYLL 195(3).

90. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## SPREAD OF HOURS UNDER NYLL

91. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

92. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified within 12 NYCRR 142.

93. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

94. Plaintiff was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF NYC HUMAN RIGHTS LAW– DISCRIMINATORY TREATMENT

95. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

96. Plaintiff has or will have served a copy of the complaint on both the Office of Corporate Counsel of the City of New York and the New York City Commission on Human Rights.

97. By the actions described above, among others, Defendant discriminated against the Plaintiff on the basis of her gender in violation of the NYCHRL by denying her equal terms and conditions of employment, subjecting her to disparate working conditions and harassing her and subjecting her to offensive, cruel and hostile environment as a condition of her employment.

98. Defendants' actions against the Plaintiff constituted discriminatory treatment,

harassment in violation of NYCHRL.

99. Plaintiff suffered embarrassment, humiliation and emotion distress, *inter alia*, as a result of her treatment by the Defendants.

100. Defendants conduct constitutes malicious, willful and wanton violations of the NYCHRL for which Plaintiff is entitled to punitive damages, damages for emotional distress, *inter alia*.

101. Plaintiff was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

**NEW YORK CITY HUMAN RIGHTS LAW – AIDING and ABETTING**

102. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

103. Plaintiff has or will have served a copy of the complaint on both the Office of Corporate Counsel of the City of New York and the New York City Commission on Human Rights.

104. By the actions described above, among others, Defendant discriminated against the Plaintiff on the basis of her gender in violation of the NYCHRL by denying her equal terms and conditions of employment, subjecting her to disparate working conditions and subjecting her to a cruel and oppressive work environment as a condition of her employment.

105. Defendants knowingly and recklessly aided and abetted that unlawful employment practices and discrimination against Plaintiff in violation of NYCHRL Section 8-107(6).

106. Plaintiff suffered embarrassment, humiliation, and emotion distress, *inter alia*, as a result of her treatment by the Defendants.

107. Defendants conduct constitutes malicious, willful and wanton violations of the

NYCHRL for which Plaintiff is entitled to punitive damages, damages for emotional distress, *inter alia*.

108. Plaintiff was damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

## NEW YORK STATE HUMAN RIGHTS LAW AND EXECUTIVE LAW – DISCRIMINATION

109. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

110. By the actions described above, among others, Defendant discriminated against the Plaintiff on the basis of her gender in violation of the NYSHRL and NY State Executive Law, including but not limited to Executive Law Section 296(1)(a), (6) & (7), by denying her equal terms and conditions of employment, subjecting her to disparate working conditions and harassing her, as well as by "aiding abetting, inciting".

111. Such conduct was severe and pervasive.

112. Defendants actions against the Plaintiff constituted discriminatory treatment, harassment and retaliation in violation of NYSHRL.

113. Defendants conduct constitutes malicious, willful and wanton violations of the NYSHRL.

114. Plaintiff was damaged in an amount to be determined at trial.

## ELEVENTH CAUSE OF ACTION

## NEW YORK STATE HUMAN RIGHTS LAW – AIDING and ABETTING

115. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

116. By the actions described above, among others, Defendant discriminated against the Plaintiff on the basis of her gender in violation of the NYSHRL by denying her equal terms and conditions of employment, subjecting her to disparate working conditions and subjecting her to a cruel and oppressive work environment as a condition of her employment.

117. Defendants knowingly and recklessly aided and abetted that unlawful employment practices and discrimination against Plaintiff in violation of N

118. Plaintiff suffered embarrassment, humiliation and emotion distress, *inter alia*, as a result of her treatment by the Defendants.

119. Defendants conduct constitutes malicious, willful and wanton violations of the NYSHRL for which Plaintiff is entitled to punitive damages, damages for emotional distress, *inter alia*.

120. Plaintiff was damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime wage provisions of and associated rules and regulations under the FLSA as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of and associated rules and regulations under the FLSA with respect to Plaintiff;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid minimum wages, overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA

as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages and damages, improper deductions or credits under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the minimum wage and overtime wage provisions of and rules and orders promulgated under the NYLL as to Plaintiff;

(g) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(h) Declaring that Defendants' violations of the New York Labor Law were willful and not in good faith as to Plaintiff;

(i) Awarding Plaintiff damages for the amount of unpaid minimum wages, unpaid overtime wages and spread of hours pay along with liquidated damages, as applicable;

(j) Enjoining Defendants from further violations of the NYLL;

(k) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff compensatory, economic and non-economic, punitive, special and general, and any other category of damages under state and federal law for the Defendants discriminatory conduct towards Plaintiff;

(m) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(n) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(o)     Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Queens, New York
April 28th, 2022

By:     */s/ Colin Mulholland*
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*