# Law Offices of Colin Mulholland

Employment and Civil Litigation

30-97 Steinway Street                                                              Telephone: (347) 687-2019
Suite 301-A                                                                                cmullhollandesq@gmail.com
Astoria, NY 11103

February 1, 2023

**VIA ECF**

The Honorable John P. Cronan
United States District Judge
Thurgood Marshall
United States Courthouse
500 Pearl Street
New York, NY 10007

                       Re: Miranda De Santos v. Excelente Gil Cafetería & Restaurant Corp.
                          22-cv-3458 (JPC)

Dear Judge Cronan:

       Pursuant to Your Honor's Order, we submit this letter jointly with counsel for Defendants, in advance of the Initial Conference presently scheduled for February 8, 2023.

       **1. A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion.**

       **Nature of the case and Principal Claims**: This is an FLSA/NYLL matter raising allegations regarding unpaid overtime wages, minimum wages, spread of hours payments, *inter alia*, and related notice violations along with claims arising under the NYS and NYC Human Rights Law for alleged discriminatory treatment based on Plaintiffs' sex or gender.

       **Defenses:** Defendants deny that the FLSA applies to this transaction based on the annual revenue of the business, which is less than $500,000. Defendants further deny underpayment of wages. Defendants deny any unlawfully discriminatory misconduct. Defendant Almanzar denies any kind of ownership interest or managerial role in the business.

       **2. A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes.**

       This case arises under the original jurisdiction of the Court based on the F.L.S.A. and supplemental jurisdiction is conferred on to the state law claims because they arise from the same set of facts and transactions as the FLSA claims. All of the events at issue in this action arose in New York County.

"First, Defendants are mistaken that Plaintiffs must prove enterprise coverage to survive summary judgment. '[T]he question of whether or not Defendants actually are 'an enterprise engaged in commerce' within the meaning of 29 U.S.C. § 203(s)(1) is an issue that goes to the merits of Plaintiffs' claims rather than [to] the Court's subject matter jurisdiction.' […] Accordingly, in order to survive summary judgment, Plaintiffs need not prove that the Restaurant had gross income of more than $500,000; that would be their burden at trial. Plaintiffs need only show that there is a material dispute of fact regarding the issue" **Monterossa v. Martinez Rest. Corp**., 2012 U.S. Dist. LEXIS 127811, 2012 WL 3890212"

Defendants assert that the Court lacks subject matter jurisdiction due to the annual gross revenue of the putative enterprise not exceeding $500,000. 29 USC § 203(s)(1)(A)(ii).

**3. A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions and (iii) other applications that are expected to be made at the status conference.**

There are no motions pending and the parties do not intend to make any application at the status conference.

**4. A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1)).**

The parties had exchanged some documents during their prior attempts at mediation. There is very little documentary evidence in this matter and the parties will likely need to conduct depositions to advance settlement discussions.

**5. A statement describing the status of any settlement discussions and whether the parties would like a settlement conference.**

The parties have participated in three SDNY mediation session each of which lasted over and hour. And the attorneys have had several conversations by telephone about potential resolutions.

**6. Trial Length:**

1-2 days.

**7. Any other information that the parties believe may assist this Court in resolving the action**. None.

We appreciate the Court's consideration of this submission.

Respectfully submitted,

*/s/Colin Mulholland, Esq.*
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*